UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | |
|---|---|
| CENTENNIAL BANK, as the successor-in-interest to HAPPY STATE BANK,<br><br>    Plaintiff,<br><br>v.<br><br>JERRY "BUD" HOLMES, et al.,<br><br>    Defendants. | No. 5:23-CV-044-H |

**STIPULATED ORDER GOVERNING
ELECTRONICALLY STORED INFORMATION**

Consistent with the parties' agreements as set forth in their Joint Report Regarding Contents of Scheduling Order (Dkt. No. 89) and their Agreed Motion to Enter Stipulated Protective Order and Order Governing Electronically Stored Information (Dkt. No. 96), electronically stored information (ESI) in this case will be handled as follows:

**1.    Purpose**

This Order will govern discovery of ESI in this case as a supplement to the Federal Rules of Civil Procedure, and any other applicable orders and rules.

**2.    Search**

a)    The parties agree that in responding to an initial Federal Rule of Civil Procedure request, or earlier if appropriate, they will meet and confer about methods to search ESI in order to identify ESI that is subject to production in discovery and filter out ESI that is not subject to discovery.

b)    The parties recognize that a variety of search tools and methodologies, including but not limited to technology assisted review (TAR) tools exist.  To the extent a

responding party intends to use TAR, it will meet and confer with the requesting party to agree upon appropriate procedures.

    c)      The parties agree that they will discuss and strive to agree upon appropriate data sources and custodians each party believes will possess responsive information and propose search terms. In the event that the producing party proposes to use search terms, both parties will identify terms to be utilized; those terms will be subject to negotiation.

**3.     Format of Production**

    a)      Except for Native Files described below, the parties agree to produce ESI as Group IV black and white single-page TIFF images at not less than 300 dpi resolution. The TIFF image must convey the same information as if the document were produced in paper format. Microsoft PowerPoint and Comma Separated Values (csv) files (e.g., Excel) will be produced as Native Files. TIFF images should also be produced for all PowerPoint or presentation files. For Excel and other spreadsheet files, the parties agree to produce a single slip sheet for each Excel file branded with the text "File Produced in Native Format" along with the corresponding bates number and confidentiality designation. A party may request that another party produce other ESI as Native Files for good cause.

    b)      To the extent that materials are not easily produced in the above fashion, the producing party will raise this issue with the requesting party prior to production. The parties will then discuss and in good faith attempt to reach agreement about format, but in general the parties expect to produce: (1) Text, (2) Images (TIFF/JPG), and (3) Metadata. Each of these categories is further described below. This form of production also applies to image-redacted documents.

1. **TEXT**: Extracted text or Optical Character Recognized (OCRed) text will reflect what is viewed in the image, in a text format. A non-redacted document will have its text extracted, while a redacted document will get OCRed first and then the results of the OCR will be provided in a text file.

2. **IMAGES**: TIFF/JPG. Every single record must have an image (or multiple images), even documents that are redacted or withheld as part of a family member or slipsheeted for native production (e.g., Excel produced natively).

3. **METADATA/LOAD FILES**:

   i. DAT File in Concordance delimited format, which contains the following metadata where it exists:

   - Bates Beg
   - Bates End
   - Bates Beg Attach
   - Bates End Attach
   - Custodian
   - Email From
   - Email To
   - Email CC
   - Email BCC
   - Email Subject
   - FileName
   - FileSize
   - Date Created
   - Date Modified
   - Date Sent
   - Date Received
   - Date Sort/Master
   - Date Accessed
   - Last Saved By
   - Document Extension
   - Document Subject
   - Author
   - MD5 Hash
   - Confidentiality Stamp
   - TextLink
   - NativeLink

        ii.    Opticon (OPT) load file is a simple load file that does not contain any metadata above except for the bates and image links to load them in any platform (i.e., Relativity) as needed.

    c)    The parties reserve the right to request something different or object to this format on a case-by-case basis. In the event the parties are unable to agree about (i) whether information can in fact be produced in the manner described above, (ii) in what format information should be produced, or (iii) what metadata should be produced, the parties may raise the issue with the Court, including by promptly seeking a discovery conference with the Court.

    d)    Hard copy documents will be scanned and produced in electronic form. The hard copy documents shall be converted to single page TIFF images and produced according to the same protocol set forth herein or otherwise agreed to by the parties. Images of all file labels, file headings, and file folders associated with any hard copy document will be produced with the images of the hard copy documents. Document breaks for paper documents shall be based on Logical Document Determination (LDD), rather than on physical document breaks. The database load file shall include the following fields: BEGBATES, ENDBATES, BEGATTACH, ENDATTACH, CUSTODIAN, CONFIDENTIALITY, REDACTED, and CDVOLUME.

4.    **Additional Production Formatting**

    a)    **DEDUPLICATION**: A party is required to produce only a single copy of a responsive document per custodian and shall deduplicate responsive ESI (based on MD5 or SHA-1 hash values at the document level) at the custodian level.

b) **EMAIL THREAD ANALYSIS**: Email thread analysis may be used to reduce the volume of emails reviewed and produced. The produced emails must include all the responsive information from a thread, including attachments.

c) **PROTECTED PERSONAL INFORMATION**: Each party may be in possession of ESI that contains Protected Personal Information (PPI) that, if relevant, would need to be redacted prior to production. The parties acknowledge that privacy redactions can be exceedingly time consuming and expensive. To expedite discovery and reduce unnecessary costs associated with such redactions, the parties agree to minimize the burden by redacting or slip sheeting nonrelevant information that contains PPI in families that are otherwise responsive (e.g., a not relevant attachment containing PPI to an email where the email is relevant), using native redactions for documents like spreadsheets that cannot be reasonably redacted in TIFF form, or redacting and producing the information only one time in a format that provides the non-producing party with the underlying relevant information while reducing the redaction burden on the producing party. The producing party will indicate where such information is redacted or slip sheeted by applying the word "Redacted" onto the page or on the slip sheet. If the producing party redacts or slip sheets a document, the metadata fields identified above must nonetheless be produced to the extent the fields are already populated in the ordinary course of business. If the metadata fields themselves contain PPI, the field may be redacted as necessary to protect the PPI (e.g., a filename that includes a social security number may substitute "redacted" in place of the social security number).

d) **EMBEDDED**: If a document has information from another file embedded in it (e.g., a Word document containing an embedded spreadsheet), the producing party shall

produce the document with all embedded information, and the receiving party may request that the embedded file be produced as a standalone file. The producing party shall promptly respond in writing if it cannot produce the requested embedded file as a standalone file, after which the parties shall meet and confer.

5. **Documents Protected from Discovery**

Pursuant to Federal Rule of Evidence 502(d), the production of privileged or work-product protected ESI, whether inadvertent or otherwise, is not a waiver of privilege or protection from discovery in this case or in any other federal or state proceeding. For example, the mere production of privileged or work-product-protected documents in this case as part of a mass production is not itself a waiver in this case or in any other federal or state proceeding. Disclosures among the defendants' attorneys of work product or other communications relating to issues of common interest shall not affect or be deemed a waiver of any applicable privilege or protection from disclosure. Nothing in this Stipulated Order shall be interpreted to require disclosure of irrelevant information or relevant information protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or immunity. Redactions based on relevance are disallowed as matter of course.

6. **ESI Search and Production Protocol**

a) The parties agree that they shall meet and confer and strive to reach agreement upon appropriate data sources and custodians for purposes of collection, review, and production of ESI, including documents (e.g., Word documents, Excel files, Portable Document Format files, and other forms of electronically stored documents) and communications (e.g., email, text messages, WhatsApp messages, instant messages, and other forms of electronic communication).

b) Search queries related to ESI shall be reasonably tailored to particular issues and time frame(s). Indiscriminate terms used in search queries, such as the producing party's name, are inappropriate unless combined with narrowing search criteria that sufficiently reduce the risk of overproduction. Use of narrowing search criteria (e.g., "and," "but not," "w/x") is encouraged to limit the production.

c) If a producing party determines, either upon receipt from the requesting party or thereafter, that one or more proposed search queries results or will likely result in an unduly burdensome quantity of non-responsive information (false hits), the producing party shall promptly contact the requesting party to request a reassessment of the proposed search query, and the parties shall meet and confer in good faith to discuss ways to limit the number of false hits, such as application of further search restrictions.

The parties shall produce email attachments sequentially after the parent email. The parties must produce all documents within a family containing any responsive documents notwithstanding the producing party's contention that certain documents within the family (e.g., the parent email or any attachments) may be irrelevant. To the extent any party believes deviation from the rule set forth in this sub-paragraph is necessary for certain documents or categories of documents, the parties agree to meet and confer in good faith in advance of production to discuss an exception to the rule. If the parties cannot agree, the producing party must produce all documents within a family containing any responsive documents unless the producing party obtains a protective order from the Court.

7. **Modification**

This Stipulated Order may be modified by a Stipulated Order of the parties or by the Court. Any such modified Stipulated Order will be titled sequentially as follows, "First

Modified Stipulated Order Governing Discovery of Electronically Stored Information," and each modified Stipulated Order will supersede the previous Stipulated Order.

**8. Miscellaneous Provisions**

a) Any practice or procedure set forth herein may be varied by agreement of the parties, and first will be confirmed in writing, where such variance is deemed appropriate to facilitate the timely and economical exchange of electronic data or other covered discovery materials.

b) Should any party subsequently determine in good faith that it cannot proceed as required by this Order or that the Order requires modification, the parties will meet and confer to resolve any dispute before seeking court intervention.

So ordered on December 8, 2023.

_____
JAMES WESLEY HENDRIX
UNITED STATES DISTRICT JUDGE