UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

CENTENNIAL BANK, as the successor-in-interest to HAPPY STATE BANK,

    Plaintiff,

v.

JERRY "BUD" HOLMES, et al.,

    Defendants.

No. 5:23-CV-044-H

## ORDER

Before the Court are Centennial Bank and Greg Houlette's Joint Motion for Entry of Agreed Permanent Injunction (Dkt. No. 157) and joint stipulation of dismissal with prejudice as to Houlette (Dkt. No. 158). The motion is granted, and the joint stipulation is approved. The Court dismisses all claims asserted against Houlette with prejudice, with each party to bear its own costs, expenses, and attorneys' fees.

In accordance with the parties' agreed entry of permanent injunction, the Court orders as follows:

    1.    Within fourteen (14) days after this Agreed Permanent Injunction is entered, Houlette shall permanently delete and destroy all information, documents, and materials within his possession, custody, or control that (i) originated from within Happy Bank (including, but not limited to, Happy Bank materials prepared or utilized by Houlette while he was an employee of Happy Bank) and (ii) relate in any way to Happy Bank's business information or customer information. Houlette shall provide a certification to Happy Bank that such deletion or destruction is complete.

2. Houlette shall not be required to delete or destroy purely personal items such as photographs, mementos, and gifts not related to Happy Bank's business information or customer information.

3. The above paragraph 1 notwithstanding, Houlette's counsel shall be entitled to maintain documents and information contained in Houlette's litigation file. To the extent this litigation file contains information, documents, and materials that (i) originated from within Happy Bank (including, but not limited to, Happy Bank materials prepared or utilized by Houlette while he was an employee of Happy Bank) and (ii) relate in any way to Happy Bank's business information or customer information, such materials shall be treated in the same manner as information produced and designated by Happy Bank as "Confidential Attorneys Eyes Only Information" pursuant to the provisions of the Agreed Protective Order (Dkt. No. 97) and shall not be used or distributed to any person other than in accordance with the provisions of that Order. Specifically, such information may not be used for any purpose unrelated to this action and may be disclosed only to the following persons:

   a. counsel for Houlette; and

   b. supporting personnel employed by Houlette's counsel (such as paralegals, legal secretaries, data entry clerks, or legal clerks).

Moreover, consistent with the treatment of Confidential Attorney Eyes Only Information under Paragraph 20 of the Agreed Protective Order, within sixty (60) calendar days after final judgment in this action, including the exhaustion of all appeals, or within sixty (60) calendar days after dismissal of all claims pursuant to settlement, counsel for Houlette is under an obligation to destroy or to return to Happy Bank all information,

documents, and materials that (i) originated from within Happy Bank (including, but not limited to, Happy Bank materials prepared or utilized by Houlette while he was an employee of Happy Bank) and (ii) relate in any way to Happy Bank's business information or customer information and to certify to Happy Bank that this destruction or return has been done. However, counsel for Houlette is entitled to retain all court papers, trial transcripts, exhibits, and attorney work product provided that such materials are maintained and protected in accordance with the terms of the Agreed Protective Order.

The Court retains jurisdiction of the matter to the extent necessary to enforce the terms and conditions of settlement agreement entered into between Happy Bank and Houlette and to enforce the provisions of the agreed injunction that they parties have jointly requested.

So ordered on May 14, 2024.

_____
JAMES WESLEY HENDRIX
UNITED STATES DISTRICT JUDGE