UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

CENTENNIAL BANK, as the successor-in-interest to HAPPY STATE BANK,

    Plaintiff,

v.

JERRY "BUD" HOLMES, et al.,

    Defendants.

No. 5:23-CV-044-H

# ORDER

Before the Court are the Group Defendants' motions to file under seal an unredacted response, amended response, and appendices to Centennial's motion to amend the scheduling order. Dkt. Nos. 126; 128. The Group Defendants seek to seal these documents in light of Centennial's designations of the materials as confidential and containing trade secrets. Centennial has filed a response, arguing that portions of the sealed documents contain information that could give its competitors an advantage if publicly revealed. Dkt. No. 155 at 4–5. But Centennial acknowledged that some portions of the appendices previously redacted in public filings do not need to be sealed, and it filed a proposed version of the appendices that contains few redactions than the previous publicly filed version. *Id.* at 1, 3; *compare* Dkt. No. 125, *with* Dkt. No. 156-1.

The Court grants in part and denies in part the motions to seal (Dkt. Nos. 126; 128). The Court directs the Clerk's Office to separately docket the appendix filed by Centennial (Dkt. No. 156-1) as an appendix to the Group Defendants' response to the motion to amend the scheduling order (Dkt. No. 124). The presently sealed unredacted responses and appendices (Dkt. Nos. 126-1; 126-2; 128-1; 128-2) shall remain sealed.

"Courts have recognized that the public has a common law right to inspect and copy judicial records[;] [h]owever, . . . [that] right is not absolute." *S.E.C. v. Van Waeyenberghe*, 990 F.2d 845, 848 (5th Cir. 1993). "Thus, the common law . . . establishes a presumption of public access to judicial records." *Id.* A party may rebut this presumption by showing that "court files might . . . become a vehicle for improper purposes." *Id.* A party may also rebut this presumption if it establishes that sealing the records "is essential to preserve higher values and is narrowly tailored to serve that interest." *Press-Enter. Co. v. Superior Ct. of Cal. for Riverside Cnty.*, 478 U.S. 1, 9 (1986) (quoting *Press-Enter. Co. v. Superior Ct.*, 464 U.S. 501, 510 (1984)). "In exercising its discretion to seal judicial records, [a] court must balance the public's common law right of access against the interests favoring nondisclosure." *Van Waeyenberghe*, 990 F.2d at 848. Additionally, "a court abuses its discretion if it . . . fails to 'articulate any reasons that would support sealing.'" *Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 419 (5th Cir. 2021) (quoting *Van Waeyenberghe*, 990 F.2d at 849).

Having reviewed the relevant filings, the Court concludes that the motions to seal should be granted in part and denied in part. For some portions of the filings currently inaccessible to the public, the interest in favor of its nondisclosure does not outweigh the public's right to access. For example, one portion of the exhibit is a termination letter from Centennial to a data protection service provider. Dkt. Nos. 128-2 at 62–63; 156-1 at 65–66. But other excerpts of the unredacted filings include customer and loan information or other similar materials that could cause competitive harm to Centennial if released to the public. Dkt. No. 155 at 4–5; *e.g.*, Dkt. No. 128-2 at 30–33, 113, 147. A party's "interest in protecting confidential business information" can outweigh the public's right of access to judicial records. *FirstBank Sw. v. Heartland Fin. USA, Inc.*, No. 2:21-CV-024-Z-BQ, 2021 WL

4047398, at *2 (N.D. Tex. Sept. 2, 2021); *see also Binh Hoa Le*, 990 F.3d at 419. Centennial asserts that revealing this information could harm its business relationships with its current and future customers because they "may be deterred by the fear of being mentioned in public court documents." Dkt. No. 155 at 4. Moreover, the customer lists are the product of significant investments by the bank, which, if released, would give its competitors an advantage by having immediate access to such information without incurring the same costs. *Id.* at 5. Accordingly, the Court concludes that Centennial's justification for sealing these portions of the record is justified. *See Russell v. Attala Steel Indus., LLC*, No. 4:22-cv-165-MPM-JMV, 2023 WL 5515739, at *2 (N.D. Miss. Aug. 25, 2023).

Although the initial requests to seal were overbroad, this problem has been rectified by Centennial's proposed appendix, which limits the redacted version of the appendix to only that information for which public access could harm Centennial's business. The Group Defendants have confirmed that Centennial's proposed version of the publicly accessible appendix is complete and accurate. Dkt. No. 163. Through this new version of the appendix, the public may access the vast majority of the exhibits with limited redactions of certain business and customer information. Accordingly, in light of the proposed appendix, the Court concludes that sealing the unredacted responses and unredacted appendices (Dkt. Nos. 126-1; 126-2; 128-1; 128-2) is essential and narrowly tailored to protect Centennial's stated interest.

For these reasons, the Court grants in part and denies in part the motions to seal (Dkt. Nos. 126; 128). The Clerk's Office is directed to separately docket the appendix filed by Centennial (Dkt. No. 156-1) as an appendix to the Group Defendants' response to the

motion to amend the scheduling order (Dkt. No. 124).  The presently sealed unredacted responses and appendices (Dkt. Nos. 126-1; 126-2; 128-1; 128-2) shall remain sealed.

So ordered on May 29, 2024.

_____
JAMES WESLEY HENDRIX
UNITED STATES DISTRICT JUDGE