UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | |
|---|---|
| CENTENNIAL BANK, as the successor-in-interest to HAPPY STATE BANK,<br><br>    Plaintiff,<br><br>v.<br><br>JERRY "BUD" HOLMES, et al.,<br><br>    Defendants. | No. 5:23-CV-044-H |

## ORDER

Before the Court are Centennial Bank and Jason West's Joint Motion for Entry of Agreed Permanent Injunction (Dkt. No. 173) and joint stipulation of dismissal with prejudice as to West (Dkt. No. 174). The motion is granted, and the joint stipulation is approved. The Court dismisses all claims asserted against West with prejudice, with each party to bear its own costs, expenses, and attorneys' fees.

In accordance with the parties' agreed entry of a permanent injunction, the Court orders as follows:

    1.    Within fourteen (14) days after this Agreed Permanent Injunction is entered, West shall permanently delete and destroy any information, documents, and materials within his possession, custody, or control that (i) originated from within Happy Bank (including, but not limited to, Happy Bank materials prepared or utilized by West while he was an employee of Happy Bank) and (ii) relate in any way to Happy Bank's business information or customer information. West shall provide a certification to Happy Bank that any required deletion or destruction is complete.

2. West shall not be required to delete or destroy purely personal items such as photographs, mementos, and gifts not related to Happy Bank's business information or customer information. Moreover, West may retain information pertinent and/or related to West's personal income tax liabilities, such as information related to his past salary, receipt of stock options, or other compensation. Moreover, Happy Bank Information does not include documents or tangible things that have been publicly disclosed or publicly filed by Happy Bank.

3. The above paragraph 1 notwithstanding, West's counsel shall be entitled to maintain documents and information contained in West's litigation file. To the extent this litigation file contains any information, documents, and materials that (i) originated from within Happy Bank (including, but not limited to, Happy Bank materials prepared or utilized by West while he was an employee of Happy Bank) and (ii) relate in any way to Happy Bank's business information or customer information, such materials shall be treated in the same manner as information produced and designated by Happy Bank as "Confidential Attorneys Eyes Only Information" pursuant to the provisions of the Agreed Protective Order (Dkt. No. 97) and shall not be used or distributed to any person other than in accordance with the provisions of that Order. Specifically, such information may not be used for any purpose unrelated to this action and may be disclosed only to the following persons:

    a. counsel for West; and

    b. supporting personnel employed by West's counsel (such as paralegals, legal secretaries, data entry clerks, or legal clerks).

Moreover, consistent with the treatment of Confidential Attorney Eyes Only Information under Paragraph 20 of the Agreed Protective Order, within sixty (60) calendar days after final judgment in this action, including the exhaustion of all appeals, or within sixty (60) calendar days after dismissal of all claims pursuant to settlement, counsel for West is under an obligation to destroy or to return to Happy Bank any information, documents, and materials that (i) originated from within Happy Bank (including, but not limited to, Happy Bank materials prepared or utilized by West while he was an employee of Happy Bank) and (ii) relate in any way to Happy Bank's business information or customer information and to certify to Happy Bank that this destruction or return has been done. However, counsel for West is entitled to retain all court papers, trial transcripts, exhibits, and attorney work product provided that such materials are maintained and protected in accordance with the terms of the Agreed Protective Order.

The Court retains jurisdiction of the matter to the extent necessary to enforce the terms and conditions of the settlement agreement entered into between Happy Bank and West and to enforce the provisions of the agreed permanent injunction that the parties have jointly requested.

So ordered on June 4, 2024.

_____
JAMES WESLEY HENDRIX
UNITED STATES DISTRICT JUDGE